## Carey *et al. versus* Wintersteen.

1. A mechanics' lien was filed by W. against C. owner, &c., and H. contractor, &c., on an engine-house with the engine, machinery, &c., then in a 'colliery on a tract of land owned by C.—for work, &c., furnished at the request of C.—he being the owner, H. being the "contractor, architect or builder." On a scire facias against both the jury found specially that H. was lessee of C. of the colliery for mining coal for twenty years: that H. contracted with W. to erect the engine, &c. The court below entered judgment against H. *Held*, that the lien was erroneously entered against the owners, and the judgment was reversed.

2. An execution on such judgment would require the sheriff to make the money out of the premises as described in the record.

3. The plaintiff should have filed his lien against the lessee who was the contractor: and no lien having been filed against the leasehold interest there was nothing to support the judgment.

January 21st 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county :* No. 201, to January Term 1869.

In the court below this was a scire facias on a mechanics' lien, to December Term 1863, brought by Tobias H. Wintersteen against Henry C. Carey, Abraham Hart and Eliza C. Baird, owners or reputed owners, and Ell Hart, doing business as Ell Hart & Co., contractor, architect or builder.

The lien was for $6767.77 against a " certain frame engine and shaft house, together with the engines, machinery and fixtures therein contained, or connected therewith, situate in the borough of St. Clair, and at the colliery known as the Mammoth Shaft and Slope Colliery on a tract of 400 acres of land, owned by the said Henry C. Carey, Abraham Hart and Eliza C. Baird * * * as also the machinery, fixtures and appurtenances, thereunto and necessary for the enjoyment thereof, and curtilage appurtenant thereunto.

" The amount claimed is due for machinery erected and furnished in and about the construction of said frame engine and shaft house, and the appurtenances, in part under a written contract, and in part as extra work and materials, a bill of particulars whereof is hereunto annexed, &c., being between the twenty-sixth day of March 1862, and the twenty-fourth day of April 1863, which said materials were furnished and work done at the instance and request of the said Henry C. Carey, Abraham Hart and Eliza C. Baird, they being the owners or reputed owners thereof, and Ell Hart, doing business as E. Hart & Co., the contractor, architect or builder thereof, and the said claimant claims to have a lien as aforesaid on said premises, from the commencement of said work," &c.

[Carey *v.* Wintersteen.]

The defendants pleaded *nil debet*, and gave notice of special matter as follows:—

"1. That the said Ell Hart was the lessee of the shaft and slope collieries on the St. Clair tract, and that he was not the con tractor, architect, or builder of the said Henry C. Carey, Abraham Hart and Eliza C. Baird, and that the said Ell Hart had no authority to act for them or to bind their estate by building or otherwise.

"2. That if the plaintiff did the work and furnished the materials, for which the lien was filed, the same was done and furnished under an agreement or contract with Ell Hart, who was the lessee of the mines. That the contract was made by the plaintiff, with Ell Hart, by the name of E. Hart & Co., and that before this lien was filed the plaintiff filed a lien for the same work and materials against the said Ell Hart and his estate."

They also filed a special plea, averring the same facts as in their notice, including that before filing the lien in this case the plaintiffs had filed a lien for the same work against Ell Hart and his estate.

The lien against Ell Hart was given in evidence. Much evidence was taken on each side. The jury found the following special verdict:—

"That Ell Hart was the lessee of the St. Clair Shaft Colliery, described in the mechanics' lien filed in this case. That the lease was reduced to writing the 17th of March 1862, and executed by Henry C. Carey and Henry M. Phillips, trustee, for Rebecca C. Hart and Eliza C. Baird of the first part, and Ell Hart the party of the second part. The said lease gave to Ell Hart the right to mine coal for the period of twenty years, from the 1st of February 1862. That the said lease was made in pursuance of a verbal agreement, between the parties thereto, and possession given to Ell Hart, February 1st 1862.

"That said Ell Hart as Ell Hart & Co., agreed with Tobias H. Wintersteen, plaintiff, in this suit in writing, which agreement was dated the 26th of March 1862. That said Wintersteen was to make, erect or put up at and in the shaft colliery, as aforesaid, a Cornish engine, pumps, pipes, and all machinery, mason work and carpenter work connected with the same, contained in his, Wintersteen's, proposals for $11,450.

"That said Wintersteen did so make and put up said machinery, and there is now due and unpaid on account of the same from Ell Hart, the sum of $8220.32, for which sum this lien was filed in this case to recover.

"That the said claim was filed within six months of the furnishing and delivery of the machinery, as aforesaid.

"That if upon these facts the court be of opinion the plaintiff ought to recover the amount found to be due to him from Ell

[Carey v. Wintersteen.]

Hart, as Ell Hart & Co., then judgment to be entered for this plaintiff. If not, then judgment to be entered in favor of the defendants, or any of them."

The court entered judgment on the special verdict against Ell Hart as Ell Hart & Co.

The defendants took a writ of error and specified numerous errors, amongst others, entering judgment for the plaintiff on the special verdict.

*F. B. Gowen* and *F. W. Hughes* (with whom were *H. M. Phillips* and *E. O. Parry*), for the plaintiffs in error.—Can this lien be sustained, claiming that the work was done at the request of the owners of the mine, and that the lessee was contractor, &c., when the proof is that it was not done at the request of the owners, nor that the lessee was their contractor, but that he was only a tenant? Act of April 28th 1840, § 24, Pamph. L. 474, Purd. 714, pl. 40; Church *v.* Griffith, 9 Barr 117; White's Appeal, 10 Id. 252; Haworth *et al. v.* Wallace, 2 Harris 118; Act of April 21st 1854, Pamph. L. 428, extending mechanics' liens to improvements, &c., by tenants of coal leaseholds: Acts of April 21st 1856, § 1, Pamph. L. 496, February 17th 1858, § 1, Pamph. L. 29, June 13th 1836, § 12, Pamph. L. 698, April 5th 1853, § 1, Pamph. L. 295, Purd. 710, pl. 16, 17, 19, p. 329, pl. 119; Harlan *v.* Rand, 3 Casey 511; Knabb's Appeal, 10 Barr 189; Bruner *v.* Sheik, 9 W. & S. 120; Davis *v.* Stratton, 1 Phila. R. 289. The effect of the lien must be determined by what appears on its face. Here no contract is alleged with Ell Hart, and no lien therefore can be maintained against him: Goepp *v.* Gartiser, 11 Casey 130; Barclay's Appeal, 1 Harris 497; Thomas *v.* Smith, 1 Wright 68; Esterly's Appeal, 4 P. F. Smith 194; Sullivan *v.* Johns, 5 Whart. 366.

*J. H. Campbell* and *J. W. Ryan* (with whom were *T. R. Bannan* and *W. R. Smith*), for defendants in error.—The owners of the land are protected by the judgment being entered against the lessor alone, and cannot therefore complain. One who is owner at the time the work is done may be named contractor: Sullivan *v.* Jones, *supra;* Anshutz *v.* McClelland, 5 Watts 487; Esterly's Appeal, *supra;* Jones *v.* Shawhan, 4 W. & S. 262. The Act of 1858 does not require that the defendant's estate should be specified in the lien: Thomas *v.* Smith, *supra.* The Act of 1840 does not apply to improvements of a lessor which are stipulated for in the lease: Leiby *v.* Wilson, 4 Wright 63; Barto's Appeal, 5 P. F. Smith 386; Woodward *v.* Leiby, 12 Casey 437; Hopper *v.* Childs, 7 Wright 310.

The opinion of the court was delivered, February 23d 1869, by

[Carey *v.* Wintersteen.]

THOMPSON, C. J.—The lien filed in this case was against "all that frame engine and shaft house, together with the engines, machinery and fixtures therein contained or connected therewith, situate in the borough of St. Clair, in the county of Schuylkill, at the colliery known as the Mammoth Shaft and Slope Colliery, on a tract of land containing 400 acres, more or less, *owned* by the said Henry C. Carey, Abraham Hart and Eliza C. Baird," &c., for work done and materials furnished by the plaintiff between the 26th day of March 1862 and the 24th day of April 1865, "which said materials," the claim proceeds, "were furnished and work done at the instance and request of the said Henry C. Carey, Abraham Hart and Eliza C. Baird, *they being owners or reputed owners thereof, and Ell Hart, doing business as E. Hart & Co., the contractor, architect or builder thereof.*"

This is unmistakably a claim against the fee in Carey, Hart and Mrs. Baird, founded on an alleged contract with them by Ell Hart & Company, as contractor, architect or builder.

The defendants pleaded *nil debent*, and specially that Ell Hart was lessee of the premises, and not contractor, architect or builder of the said Carey, Hart and Mrs. Baird, and that the said Ell Hart had no authority to act for them, or to bind their estates by building or otherwise; and that if the plaintiff did the work and furnished the materials for which the lien was filed, that the same were done and furnished for Ell Hart, who was the lessee of the premises at the time of, and before the contract for doing the work and furnishing the materials was entered into, and the lien was filed; and that the plaintiff had filed a lien for the same work and materials against the said Ell Hart, and against his estate, &c.

The jury found specially the facts of the plea in favor of the defendants, excepting the last clause, which is not material in the light in which we view this case, and the court entered judgment on the verdict against Ell Hart as Ell Hart & Co.

The plaintiffs in error complain of this, and they have a right to do so, unless, indeed, it can be maintained that a judgment on the lien filed, does not bind the estate against which it is filed, but some other estate, in some other ownership, on a contract by other parties. If no execution were ever to issue on the judgment, there might be less to complain of by the plaintiffs in error, or it might possibly be regarded as harmless. But the object of the sci. fa. on the lien, was to call on the defendants to show cause why the plaintiffs should not have execution of the premises bound by the lien; and if he should obtain judgment, the levari facias which would follow would contain a mandate to the sheriff to levy on and make the amount of the judgment recited in his writ with interest and costs, out of the premises as the same are described in the record : Act of June 16th 1836, § 21.

[Carey *v.* Wintersteen.]

It is, therefore evident, that if execution and sale of the premises described in the lien filed were to follow this judgment, either a different interest from that described in the lien of record would be sold as a consequence, or an interest not bound by the judgment. The lien filed is against the fee; while the judgment is against the leasehold interest. If the leasehold interest only were sold, although the title would probably be void for want of a lien to support it, it might not concern the defendants directly, yet it would materially damage their interests, both in fixing a blot on their title, and most probably in creating litigation between the holder of the lease and a purchaser at the sale. A coal-mine might be destroyed almost, by suspension of operations during litigation, by becoming filled with water. These considerations show an interest in the defendants, not only to protect their title, but their interest as lessors, from a sale on the judgment rendered in this case, although it is not against them in point of fact.

The verdict very clearly demonstrates, that the plaintiff missed his remedy, when he filed his claim against the owners of the property in fee who were, as it shows, not contractors, instead of against the lessee who was the contractor, and at whose instance the work was done and materials furnished. The Act of 17th February 1858, applicable only to Schuylkill and Luzerne counties, authorizes the filing of liens by mechanics and material-men against the estate or interest of the lessees, and the sale of their interests on judgments obtained thereon. As, therefore, the verdict has established that it was to a lessee, and for a leasehold estate, that the work and materials were furnished, it is manifest that only the interest could be bound; and no such lien having been filed upon it, there is no lien to support this judgment against the defendants, for their estate was not debtor or bound—nor against Ell Hart & Co., lessee, for the lien was not filed against his interest. We must therefore reverse the judgment. It seems that the plaintiff did file a claim against the lessee and contractor, Ell Hart, as Ell Hart & Company, for the work and materials claimed for in this proceeding; if so, possibly he may be secured by proceedings on it; but about that we give no opinion, as it has not, in the view we have taken of the case, come properly within the range of our investigation.

Judgment reversed, and judgment is now entered in favor of the defendants.