## Keller *versus* Denmead & Son.

68    449|
36 SC ² 19|

1. Materials were furnished to Keller, afterwards a petition in bankruptcy was filed against him, then a lien for the materials was filed in due time, then he was adjudged a bankrupt. The premises passed to the assignee, subject to the lien which was to be enforced in a state court, not in the United States court.

2. The lien under the Mechanics' Lien Law commences when the materials are furnished. Per FISHER, P. J.

3. Such lien attaches to an equitable interest in the premises. *Id.*

4. Materials were furnished on the contract of one tenant in common who was in possession. A lien could be entered against him as owner of the premises and a judgment had which would bind his interest. *Id.*

May 4th 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Adams county:* No. 70, to May Term 1871.

This was a scire facias sur mechanic's lien, issued March 16th 1869, by Denmead & Son, against Moses A. Keller, with notice to Levi D. Maus and others, his assignees, for the benefit of creditors.

On the 16th of July 1868, John H. Miller, with whom Moses A. Keller was then in partnership, entered into an agreement with Moses A. Keller and Jacob Keller, by which the partnership was dissolved, and by which he sold and contracted to convey in fee to the Kellers for $9000, the foundry buildings and improvements in Littleston, Adams county, theretofore occupied by the firm: the legal title was not conveyed to either of the Kellers. Moses Keller continued to carry on the business, and remained in possession of the foundry and other real estate. On the 22d of December 1868, Keller purchased from the plaintiffs a boiler and fixtures for his foundry, amounting to $1333.75; and on the 25th of January 1869, the plaintiffs furnished him other materials, &c., for his foundry, amounting to $63.15. On the 12th of February, he made an assignment to Levi D. Maus and others, for the benefit of creditors. On the 1st of March, one of his creditors filed a petition in the District Court, praying that he might be declared a bankrupt. On the 9th of March, the plaintiffs filed their lien for $1396.90, for the above-mentioned materials, attaching a bill of items. The buildings, &c., mentioned in the claim were particularly described as a foundry and machine shops, main building, two stories, &c., " and boiler building attached thereto of one story and a half, " &c., and Keller was averred to be the owner or reputed owner. On the 17th of March, Moses A. Keller was adjudged a bankrupt, and William McSherry, Esq., appointed his assignee in bankruptcy.

Upon the trial of the scire facias before Fisher, P. J., on the 30th of January 1871, the plaintiffs proved the delivery of the

18 P. F. SMITH—29

'[Keller *v.* Denmead.]

materials, &c., at the premises, sold by Miller to the Kellers, and gave evidence to show that the building containing the machinery, &c., was a new erection. The defendant also gave evidence on that question.

The defendant submitted five points; two of which related to the question as to whether the building was a new erection, which the court submitted to the jury as a mixed question of law and fact.

The other points were:—

3. If the lien claimed in this case was filed after the commencement of proceedings in bankruptcy which resulted in the adjudication of the defendant, Moses A. Keller, a bankrupt, it does not attach to the interest of the defendant in any real estate passing to the assignee in bankruptcy, by virtue of the adjudication in bankruptcy and the deed of assignment.

4. If the legal title to the premises on which plaintiffs claim to have a lien, never vested in Moses A. Keller nor his assignee in bankruptcy, but a large amount of the purchase-money remained unpaid when the equitable interest of said Moses A. Keller was sold by the assignee by decree of court, there was no estate in Moses A. Keller at the time of the entry of said lien, or afterwards, to which it could attach, and plaintiffs are not entitled to recover.

5. If, by the articles of agreement under which the property in question was held, Jacob Keller had an equitable interest in the same as tenant in common with Moses A. Keller, and the lien is entered only against Moses A. Keller, the lien is fatally defective and cannot be sustained, and the verdict of the jury must be for the defendants.

The court reserved these points.

The jury found for the plaintiffs for $1485.79, subject to the points reserved.

The court afterwards entered judgment on the verdict for the plaintiffs on the reserved point, delivering the following opinion, adopted by the Supreme Court:— '

" The verdict of the jury having established the facts that the building was a new erection, and that the boiler in question was furnished on the credit of the erection, the court are now called upon to enter judgment on the verdict. Several points were reserved, and the jury found their verdict subject to the opinion of the court on them.

" The first reserved point was as follows (and is the third point of the defendants):—

" ' If the lien claimed in this case was filed after the commencement of proceedings in bankruptcy which resulted in the adjudication of the defendant, Moses A. Keller, a bankrupt, it does not attach to the interest of the defendant in any real estate passing

[Keller *v.* Denmead.]

to the assignee in bankruptcy, by virtue of the adjudication in bankruptcy and the deed of assignment.'

" We do not think this position a correct one. By our Mechanics' Lien Law, ' the debt contracted shall be a lien until the expiration of six months after the work shall have been finished or materials furnished, although no claim shall have been filed therefor; but said lien shall not continue longer than the said period of six months, unless a claim be filed . . . at or before the expiration of the said six months.'

" In the present case the materials were furnished on the 22d December 1868. The petition was filed to have Keller declared a bankrupt on the 1st of March 1869; and the mechanics' lien of the plaintiffs was filed on the 9th of March of the same year.

" We cannot think the bankruptcy of Keller operated to discharge a fixed lien, a lien made by statute. It is said, however, that in the case of James R. Dey, a bankrupt, the District Court of the United States for the Southern District of New York decided that a lien could not be filed after the petition in bankruptcy: Bankrupt Register of Dec. 1st 1869, No. 11. But the lien in that case was under the Lien Law of New Jersey, which, from the case, appears only to create a lien from the time it was entered. The case is not therefore applicable to a lien filed under the Pennsylvania Lien Law, where the lien commences when the materials are furnished.

" The second reserved point is as follows, and is the fourth point of the defendants :—

" ' If the legal title to the premises on which plaintiffs claim to have a lien never vested in Moses A. Keller nor his assignee in bankruptcy, but a large amount of the purchase-money remained unpaid when the equitable interest of said Moses A. Keller was sold by the assignee by decree of court, there was no estate in Moses A. Keller at the time of the entry of said lien, or afterwards, to which it could attach, and plaintiffs are not entitled to recover.'

" In the present case Moses A. Keller never obtained any legal title. He never ˌpaid the whole purchase-money, but we think the lien attached to his equitable interest. The decision in Holdship *v.* Abercrombie, 9 Watts 52, led to the enactment by the legislature of the provisions of the statute of the 28th of April 1840. By that act it was provided that the lien created by the Act of the 16th of June 1836, should not be construed to extend to any other or greater estate in the ground on which the building might be erected, than that of the person in possession at the time of commencing the building, and at whose instance the same was erected. In Lyon *v.* McGuffey, 4 Barr 126, it is said that the legislature in passing this act did not intend to deprive the creditors by mechanics' lien of any of the advantages of a judgment;

[Keller *v.* Denmead.]

they merely intend to prevent his lien from operating beyond the sphere in which a judgment would be effectual. The whole case goes upon the ground that a mechanics' lien has the same effect as a judgment, and binds every interest that a judgment would or could bind. It is too well settled that a judgment binds the equitable interest of a vendee who has paid part of the purchase-money but has not obtained the legal title, to require the citation of authorities to prove it. If a judgment binds an equitable interest, such as Moses A. Keller had in the premises, it follows from the case of Lyon *v.* McGuffey, that a mechanics' lien must bind the equitable estate which Moses A. Keller had in the premises when the boiler and its fixtures, the subject of this dispute, was furnished on the credit of the building. We therefore think there is nothing in this reserved point which would prevent us rendering a judgment on the verdict for the plaintiffs.

" The third reserved point (and the fifth of the defendants), is as follows :—

" ' If, by the articles of agreement under which the property in question was held, Jacob Keller had an equitable interest in the same as tenant in common with Moses A. Keller, and the lien is entered only against Moses A. Keller, the lien is fatally defective and cannot be sustained, and the verdict of the jury must be for the defendants.'

" The defence in this case is made by Moses A. Keller, the person who contracted for the erection of the building in which the boiler was to be put. He is the person who made the contract for the boiler, and he was in actual possession of the premises at the time the building was erected, and the boiler was put in. The lien is filed against the building, and he alone is mentioned as the owner or reputed owner of the building. Jacob Keller makes no defence to this claim ; in fact he is not a party to this issue. The defence seems to be made by the assignees in bankruptcy, and by Moses A. Keller, the bankrupt.

" If it is the law that a mechanics' lien stands on the footing of a judgment, I can see no good reason why a lien could not be filed against Moses A. Keller as owner or reputed owner of the building, which would bind his interest, whatever it might have been, when the boiler was furnished. The Act of the 28th of April 1840, § 24, Brightly's Purd. 1862, p. 714, plac. 40, limits the lien to the estate of the person who was in possession at the time the building was commenced. In Sill's Appeal, 1 Grant's Cases 285, Lowrie, J., said, in substance, the plaintiff's recovery does not depend upon the quantity of the defendant's interest in the land. He claims a lien on defendant's interest, whatever it is, and he can enforce it when obtained against nothing else. The defendants rely upon the case of Carey *v.* Wintersteen, 10 P. F. Smith 395, to support the position taken by them, ' that as the lien

[Keller *v.* Denmead.]

is entered only against Moses A. Keller, who held an equitable title as a tenant in common with Jacob Keller, the lien is fatally defective.' But we think the facts of the case do not support the position. In the present case the lien is filed alone against Moses A. Keller, the person in possession, and the contracting party. In the case cited the lien was filed against the owners of the fee, who did not contract, and the tenant in possession, who did contract. Upon this state of the case the Supreme Court held that the plaintiff could not recover in the manner he had filed his lien. In the present case, we think the lien is filed against the only person plaintiffs could file it against, and that it binds the defendant's interest in the land, whatever it may be, and therefore the plaintiffs are entitled to judgment upon the verdict."

The defendant removed the record to the Supreme Court, and assigned for error the entering judgment for the plaintiffs on the verdict on the reserved points.

*D. Wills*, for plaintiff in error referred, to the bankrupt acts. A judgment confessed, or a preference given, in fraud of the Bankrupt Act (Act of 1841), can only be controverted or set aside in the proper bankrupt court: Fenlon. *v.* Lonergan, 5 Casey 471; Nugent *v.* Boyd, 3 How. 426; Wiswall *v.* Sampson, 14 Id. 69; Angel *v.* Smith, 9 Vesey 335; Peale *v.* Phipps, 14 How. 368; Taylor *v.* Carryl, 20 Id. 583; Ex parte Christy, 3 Id. 292.

The jurisdiction of the District Court attached March 1st 1869, and the state court could not proceed afterwards; objection for want of jurisdiction may be raised at any time: Mannhardt *v.* Soderstrom, 1 Binn. 138; 1 Dunl. Prac. 430; 1 T. & H. Prac. 381; Moore *v.* Wait, 1 Binn. 220.

The conditional lien of plaintiff on the property of the bankrupt, was divested by the proceedings in bankruptcy, by virtue of the operation of the Bankrupt Act: Planters' Bank *v.* Sharp, 6 How. 301; Harrison *v.* Sterry, 5 Cranch 298; Bronson *v.* Kinzie, 1 How. 316.

One of the equitable tenants in common of the premises sought to be charged with the lien, is not brought upon the record in the lien, or proceeded against in the scire facias: Wilson *v.* The Commissioners of Huntingdon County, 7 W. & S. 197; Harlan *v.* Rand, 3 Casey 511; Carey *v.* Wintersteen, 10 P. F. Smith 395.

*McClean & Wood*, for defendants in error.—The statutory lien is an encumbrance upon the "building erected" and its curtilage: Esterley's Appeal, 4 P. F. Smith 193; Sergeant's Mechanics' Lien Law 336.

The provisions of the Bankrupt Act of 1867 do not take away the remedy, to enforce the lien nor prevent the state courts from proceeding in the matter, after a petition in bankruptcy has been

[Keller *v.* Denmead.]

presented to the Bankrupt Court to have the defendant in the lien made an *involuntary* bankrupt: Act of Congress 1867, § 20, *et seq.;* Brightly's Bankrupt Law (1st ed.), 47; Ex parte Winn, 1 Bank. Reg. 131; Ex parte Bridgman, Id. 59; Ex parte Bolton, Id. 83; Ex parte Hambright, 2 Id. 157; Leighton *v.* Kelsey, 4 Bank. Reg. 155; In re Kerlin, 3 How. 326; Galbraith *v.* Fisher, 10 Harris 410; Peck *v.* Jenness, 7 How. 612; Waller *v.* Best, 3 Id. 111.

The right of the defendant to recover does not depend on quantity of Moses A. Keller's interest in the property: Sill's Appeal, 1 Grant 235; De Haas *v.* Bunn, 2 Barr 335; Lyon *v.* McGuffey, 4 Id. 128; Ives *v.* Cress, 5 Id. 122; Gaule *v.* Bilyeau, 1 Casey 523; Jones *v.* Shawhan, 4 W. & S. 257; Carey *v.* Wintersteen, 10 P. F. Smith 395.

The opinion of the court was delivered October 9th 1871.

PER CURIAM.—We see not wherein anything more is necessary to be said in this case than what has been so well said by the learned judge below in his opinion on the reserved points in the case. The lien of the mechanic was perfectly given by statute, at the time the defendant was declared a bankrupt, although not entered, and it continued so afterwards by being entered on the records of the court, which was within the prescribed period of six months from the commencement of the building and materials furnished. That there is a saving of liens in the Bankrupt Act is apparent in several sections. Sections 27 and 42 imply this so distinctly as not to permit it to be doubted. See notes to these sections, Bright. Dig. of Bankrupt Law, pp. 39 and 47. This court has decided within a year (Biddle's Appeal, antea, p. 13*) that a state court can proceed by process to enforce its liens obtained before an adjudication of bankruptcy, and that the remedy is not in the United States courts. We need not enlarge, for the reasons above stated. There being no error in the record, the judgment is

Affirmed.

* See also Rohrer's Appeal, 12 P. F. Smith 498.—REP.