## Hamilton, etc., v. LeSueur et al.

*Roger M. Brown*, for plaintiff.
*Edward G. Petrillo*, for defendants.

EVANS, J., August 26, 1942.—On March 12, 1942, a mechanic's lien was filed to the above term and number in the amount of $499.78 for materials furnished by plaintiff to property in the City of Erie owned by defendants. On Monday, April 13th, a copy of a notice to the owners was filed, the affidavit of A. W. Andrews reading as follows:

"That he was authorized to serve the above notice of the filing of a mechanic's lien upon Hunter LeSueur and Virginia T. LeSueur, his wife, and that he did serve said notice on Hunter LeSueur, by handing a copy to Virginia T. LeSueur, his wife, at her office on the 13th day of April, 1942; and that he served Virginia

T. LeSueur, by handing a copy of the above notice to her at her office on the 8th day of April, 1942."

On April 13th defendants filed a motion to strike off the mechanic's lien, setting forth as reasons therefor the failure to file the affidavit within the time specified by law, and that no affidavit as required by law was filed within one month after the mechanic's lien was recorded.

Section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42 (49 PS §131), provides as follows:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided for by law in the case of a summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence. A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

Section 38 of the Statutory Construction Act of May 28, 1937, P. L. 1019 (46 PS §538), provides:

"When any period of time is referred to in any law, such period in all cases, except as otherwise provided in sections thirty-nine and forty, shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by

the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

As above recited, the mechanic's lien was filed March 12, 1942, and the above notice was filed Monday, April 13, 1942. Under the provisions of the above statute with reference to computation of time we are of the opinion that the notice was filed within one month as required by the Mechanic's Lien Act.

The next question to be decided is whether or not the notice was properly served on the owner of the property. The property is owned by entireties, and the notice was served personally and therefore properly upon Virginia T. LeSueur. As to Hunter LeSueur, however, the notice was served by handing a copy of the notice to his wife, Virginia T. LeSueur, at "her office". It will be noted that under the above-recited provision in the Act of 1901 and its amendment service of the notice may be had in any of the methods now provided for by law in the case of a summons. Service of a summons may be had by handing a true and attested copy to a person other than the defendant at the place of business of the defendant or his agent. Standard Pa. Practice, vol. 1, page 454, sec. 62, describes the word "business" as meaning the personal and individual place of business of the defendant in which he has some kind of a proprietary interest. In our opinion, the service upon Hunter LeSueur, by handing a copy of the notice to his wife at her place of business, is not sufficient to meet the requirements of the law, and as to Hunter LeSueur the mechanic's lien must be declared void.

The next question to decide is whether or not, the service of notice being void and inoperative as to Hunter LeSueur, the benefits from such conclusion must also be accorded the wife, Virginia T. LeSueur, because of the fact that the property in question is owned jointly and by entireties by Virginia T. LeSueur

and Hunter LeSueur, her husband. The Mechanic's Lien Act describes the word "owner" as meaning an owner in fee, a tenant for life or years, or one having an estate or interest in the property described in the claim. The court, in Alles v. Lyon, 216 Pa. 604, at p. 606, described the estate by entireties as one held by husband and wife by virtue of title acquired by them jointly after marriage. Each takes the whole or, in the ancient phrase, they are seized per tout only. Incident to this estate as to joint tenancy is the right of survivorship, with this difference, that on the death of husband or wife the survivor takes no new title or estate; he or she is in possession of the whole from its inception. In Keller v. Denmead & Son, 68 Pa. 449, at p. 452, the court held that a mechanic's lien stands on the footing of a judgment and that a lien filed against the owner or reputed owner of the building will bind his interest whatever it may be. We find no appellate authority on this specific point but we are in accord with the conclusion in Adams v. Denny et al., 21 Dist. R. 1079, that a mechanic's lien may be filed against the interest of a married woman in land as tenant by the entireties with her husband; although the opposite conclusion seems to have been reached in Womer v. Gearhart, 16 D. & C. 359. In other words, it is our conclusion that this lien prosecuted to final judgment in accordance with the provisions of the Mechanic's Lien Act of 1901 will attain the same standing and right as would be accorded a judgment note entered against one of the two owners of property by entireties.

Some question has been raised as to the right to strike off the lien at this stage in the proceedings, but authority is given in the above recited act with regard to notice, and is sustained in O'Kane v. Murray, 252 Pa. 60, at p. 67.

And now, to wit, August 26, 1942, the rule granted to show cause why the mechanic's lien entered to the

above term and number should not be stricken from the record insofar as it relates to the defendant Hunter LeSueur is made absolute and the lien as to him is stricken from the record; insofar, however, as it relates to Virginia T. LeSueur, the rule is discharged.