## A. D. Rossi, Inc., v. Drew

*Ira F. Bradford, Jr.,* for plaintiff.
*Cooper, Hunter & Lewis,* for defendant.

ADAMS, J., May 24, 1954.—This is an action on a mechanic's lien. On August 1, 1953, plaintiff filed a mechanic's lien to the above term and number for labor and materials furnished to property owned by defendants as tenants by the entireties. On August 10, 1953, husband defendant, Paul Drew, was served personally with a notice of the filing of the lien. On the same day notice was sent by registered mail, return receipt requested, to wife defendant, Minnie Drew, at her last known place of residence in San Antonio, Tex. This notice was received by Minnie Drew. Subsequently, defendants filed a petition for a rule to show cause why the lien should not be stricken as to both defendants because of an alleged defective service upon Minnie Drew. This petition was granted and a rule to show cause entered on plaintiff by this court on No-

vember 4, 1953. The case is now before the court en banc for a disposition of this rule.

Section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended, 49 PS §131, provides as follows:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided for by law in the case of summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence. A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

Admittedly, the personal service upon Paul Drew was in accordance with the above-quoted section. Service upon one tenant by the entireties, however, does not constitute service upon both tenants. The Mechanic's Lien Act requires service upon each of the defendants as owners; the relationship of husband and wife does not alter the rule: Chapin Lumber Co. v. Zagorski et ux., 38 Luz. L. Reg. 57. Minnie Drew was not personally served. Service was not made upon her attorney. The extra-State service attempted by registered mail was not in accordance with the law provided for service of summons. The property was not posted in accordance with the act. Since the provisions for notice are mandatory, substantial compliance with the act is not sufficient. O'Kane v. Murray, 252 Pa. 60. Thus, the

fact that Minnie Drew received actual notice of the filing of the lien is immaterial. The attempted service upon her did not comply with the act and as to her the lien must be declared void.

The question next arises as to whether the lien being void as to Minnie Drew must be void also as to her husband because the property is held by the entireties. No appellate cases have decided this question. The several lower court cases in which the issue has arisen are in conflict. See Adams v. Denny et al., 21 Dist. R. 1079; Womer v. Gearhart, 16 D. & C. 359; Hamilton etc. v. Le Sueur, et al., 46 D. & C. 516. If Paul Drew was a tenant in common, his interest in the property could be subjected to a mechanic's lien: Keller v. Denmead & Son, 68 Pa. 449. Must a different result be reached merely because the property is owned by the entireties?

The Mechanic's Lien Act defines the term "owner" to mean an owner in fee, a tenant for life or years, or one having an estate or interest in the property. Under the terms of the act a lien is granted against the "property" which is defined to mean an estate in fee, or a freehold, leasehold or other estate or interest therein. Consequently, the lien does not bind the property as such but rather the interest of the lienee in the property whatever that interest might be. Our appellate decisions recognize that a coöwner of property by the entireties has an estate or interest therein which may be subjected to a lien. Fleek v. Zillhaver, 117 Pa. 213, holds that the estate of the husband in property held by the entireties may be the subject of a judgment lien to be enforced in the event that the husband survives the wife. In Beihl v. Martin, 236 Pa. 519, it is stated that the right of survivorship inherent in an estate by the entireties, contingent though this ultimate divestiture may be, is nevertheless a vested interest and as such the subject of a lien. It is true that

these last cited cases deal with the effect of a judgment lien against one of the spouses, but it is settled law that a mechanic's lien, although a proceeding in rem, stands on a similar footing with a judgment lien: Keller v. Denmead, supra. It is our conclusion that Paul Drew does have an estate or interest in the property, and that such interest may be the subject of a mechanic's lien.

Defendants contend, however, that since the lien is void as to the wife defendant, as a matter of procedure it cannot stand against the husband. Defendants cite Carey v. Wintersteen, 60 Pa. 395. The Carey case arose on a scire facias on a mechanic's lien. The lien had been filed against the owners of the fee who did not contract and the lessee of the property who did contract. The jury returned a verdict against the lessee only. The Supreme Court held the lien a nullity because plaintiff could not recover in the manner he had filed his lien. This decision was entirely sound. The lien was filed of record against the fee but the judgment bound only the interest of the lessee. If execution issued on the judgment either an interest different from that described in the lien of record or an interest not bound by the judgment would have been sold. In either case the owners would have been materially damaged and would have had just cause to complain. That is not the situation here. By our decision the lien will be stricken as to Minnie Drew and the record will so appear. Moreover, if the lien be prosecuted to final judgment it will attain the force of a judgment lien, but upon which no execution may issue until the estate in fee in Paul Drew becomes absolute and unqualified should he survive his wife, or until the estate becomes one of tenancy in common by divorce of defendants. In either event only the interest of Paul Drew may thus be sold on execution, and Minnie Drew in no way can be harmed.

*Order of Court*

And now May 24, 1954, after argument and consideration thereof, the rule to show cause granted on plaintiff why the mechanic's lien entered to the above term and number should not be stricken from the record as to both defendants is made absolute insofar as the rule relates to defendant Minnie Drew, and as to her the lien is stricken from the record; insofar, however, as the rule relates to defendant Paul Drew, it is discharged.